Filed 5/7/25  P. v. Moutsoulas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064294 |
| v. | (Super. Ct. No. 24WF0521) |
| DEMETRA A. MOUTSOULAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jeannie M. Joseph, Judge. Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found Demetra A. Moutsoulas guilty of felony battery on a custodial officer (Pen. Code, § 243.1, count 1)[1] and misdemeanor public intoxication (§ 647, subd. (f), count 2). Moutsoulas was placed on two years of formal probation and ordered to serve a concurrent jail term of 30 days for each count.

We appointed counsel to represent Moutsoulas on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and stating he found no arguable issues to assert on Moutsoulas's behalf. (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Without suggesting any error occurred, counsel listed eight issues for our potential review. Counsel and this court notified Moutsoulas she could file a supplemental brief on her own behalf. None was filed and the time to file one has passed.

We have independently reviewed the entire record as required under *Anders, supra*, 386 U.S. 738 and *Wende, supra*, 25 Cal.3d 436, and we have found no arguable issues on appeal. We therefore affirm the judgment.

FACTS

One evening around 10:30 p.m., Moutsoulas walked into a karaoke bar. She had come into the bar already "'a little buzzed.'" Once inside, she had a couple of drinks. About an hour after her arrival, she pushed through a crowd on the karaoke floor, screamed, and tried to attack another patron. The bar's security guard saw Moutsoulas "flailing, throwing arms, haymakers." He grabbed her and pulled her back, but she broke free

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

2

and went after the patrons again. He did not see if Moutsoulas's punches actually landed on anyone.

The security guard ejected Moutsoulas from the bar and locked the entrance door. Moutsoulas's conduct outside the bar was recorded on surveillance video cameras. The video showed her repeatedly kicking and pounding on the door, pounding on the bar's window, and turning the door handle to try to reenter the bar. According to the security guard, she was yelling to come back inside. It then showed Moutsoulas kicking what appears to be a vehicle parked in front of the bar and falling to the ground from the force of her own kick. Later in the video, Moutsoulas can be seen punching a male patron while he was talking to her outside.

Around 11:40 p.m., Huntington Beach police responded to the scene after receiving a call about a "physical fight." A bar patron told Officer Nicholas Casas that Moutsoulas had assaulted him, but the patron didn't want to press charges. Officer Casas also talked to Moutsoulas, who smelled of alcohol, had slurred speech, and had an unsteady gait. Officer Casas asked her questions "[t]o figure out a plan for her to get home." She would not say where she was staying or whether she drove to or had been dropped off at the bar. He handcuffed her "due to her demeanor" and "for her safety." When she continued to dodge his questions, he arrested her for public intoxication.

Officer Casas asked Moutsoulas if she had any weapons or narcotics on her. She jokingly replied she had an AK-47 and cocaine. He searched her purse and found a half-empty liquor bottle. He then drove her to Huntington Beach City Jail.

Moutsoulas was taken to a sobering cell in the female wing of the jail, where she was searched by a female officer. Moutsoulas was told she would remain in the cell after the search, the officers would leave, and the

3

cell door would close. Video from the cell camera showed that, once her handcuffs were removed, Moutsoulas jumped up and ran towards the door. Video from an officer's body-worn camera showed Moutsoulas running into a detention officer, Andrew Butler, as he was exiting the cell. As she ran into his chest, she "kind of spun around," took his left arm, and bit it. Officers pushed Moutsoulas back into the cell and, once she was subdued, locked her in. Officer Butler sustained a two-inch bite mark on his left forearm from the scuffle.

At trial, Moutsoulas denied drinking before going into the bar. She said the drink she ordered at the bar tasted salty. When she complained about the drink, she was given another one, which also tasted salty. Moutsoulas testified that after the drink she lost consciousness, did not regain consciousness until she was in the sobering cell, and had no memory of what happened between the time she lost and regained consciousness. She said she did not recognize Officer Butler as an officer and denied biting him.

DISCUSSION

To help us in our independent review, counsel suggested we consider whether: (1) the trial court abused its discretion in admitting evidence of Moutsoulas assaulting a bar patron; (2) the court erred in denying Moutsoulas's motion under *Miranda v. Arizona* (1996) 384 U.S. 436 (*Miranda*); (3) the court erred in finding count 1, battery on a custodial officer, to be a general intent crime; (4) the court abused its discretion by reopening the prosecution's case to permit more evidence on count 1, in response to her motion to dismiss under section 1118.1; (5) there was sufficient evidence to sustain the conviction on count 1; (6) the court incorrectly interpreted section 647, subdivision (g), a defense to count 1; (7) the court erred in placing the burden on Moutsoulas to prove a

4

section 647, subdivision (g), defense; and (8) the court erred in finding that a fine under section 1202.4, subdivision (b), was mandatory.

We have independently reviewed the entire record in this case and have found no arguable issue. We address each potential issue suggested by appointed counsel, below.

First, the trial court denied Moutsoulas's motion in limine to exclude evidence of her assault on a bar patron and granted the People's competing motion to include such evidence. The court found the evidence relevant to show "her inability to care for herself [because] a person attacking other people, they're potentially putting themselves in more danger." "The trial court has broad discretion in determining the relevance of evidence." (*People v. Harris* (2005) 37 Cal.4th 310, 337.) We find no abuse of discretion in this ruling. (*Ibid.*)

Second, the trial court denied Moutsoulas's motion in limine to exclude her statements to Officer Casas on the ground she had not been advised of her *Miranda* rights. After watching video of the conversation between Officer Casas and Moutsoulas, the court found it was "a detention and not a custodial interrogation, not [an] involuntary statement." (See *id.* at p. 444 [*Miranda* warnings required only when a person is subject to custodial interrogation]; *People v. Clair* (1992) 2 Cal.4th 629, 679 [temporary detention ordinarily does not constitute a custodial interrogation].) We have reviewed the video and reach the same conclusion.

Even if the ruling on the *Miranda* issue had been error, we find it to be harmless beyond a reasonable doubt. (*Chapman v. California* (1966) 386 U.S. 18, 24 [error harmless beyond a reasonable doubt]; *People v. Case* (2018) 5 Cal.5th 1, 22 [*Chapman* standard applies to statements obtained in violation of *Miranda*].) There was overwhelming evidence in the record

supporting the convictions. Video evidence showed Moutsoulas at the bar in a drunken and combative state and in the sobering cell charging at Officer Butler. We thus conclude no prejudicial error occurred in admitting Moutsoulas's statements to Officer Casas.[2]

Third, a section 243.1 offense is a general intent crime. The elements of the offense are: (1) a battery committed by a defendant; (2) against a custodial officer as defined in section 831; (3) where the defendant knows or reasonably should know the victim is a custodial officer engaged in the performance of his or her duties; and (4) such custodial officer is engaged in the performance of his duties. (§ 243.1.) Battery is a general intent crime (*People v. Sargent* (1999) 19 Cal.4th 1206, 1220), and a violation of section 243.1 is nothing more than a battery committed against a specific person, that is, a custodial officer (§ 243.1). A section 243.1 offense has an objective knowledge element as it requires the perpetrator "knows *or reasonably should know* that the victim is a custodial officer engaged in the performance of his or her duties." (§ 243.1, italics added.) Accordingly, the trial court correctly determined a section 243.1 offense is a general intent crime. (See, e.g., *People v. Jefferson* (2004) 119 Cal.App.4th 508, 519–520 [issue of "whether a 'reasonable person' in defendant's situation . . . would be justified in believing he was in imminent danger of bodily harm" for purposes of acting in self-defense was an objective rather than subjective standard];

---

[2] We also we note that after the trial court denied the motion in limine, the court informed defense counsel he could reraise the objection during trial: "You can, after the officers are testifying, you can raise that objection at any time after your cross[-]examination of them, if you wish." Our review of record shows defense counsel did not raise the *Miranda* issue again at trial.

*People v. Finney* (1980) 110 Cal.App.3d 705, 712–714 [defendant's mental condition not admissible to negate knowledge element for assault with a deadly weapon on peace officer, which requires defendant "'reasonably should know'" his victim was a police officer]; *People v. Mathews* (1994) 25 Cal.App.4th 89, 97-98 ["reasonably should know" language in § 417, subd. (c) (brandishing a weapon in the immediate presence of a peace officer) construed to not require actual knowledge].)

Fourth, the trial court did not abuse its discretion by indicating it would allow the People to reopen their case-in-chief, rather than granting Moutsoulas's section 1118.1 motion to dismiss count 1. (*People v. Rodriguez* (1984) 152 Cal.App.3d 289, 295 (*Rodriguez*) ["No error results from granting a request to reopen in the absence of a showing of abuse"].)

A trial court has broad discretion to permit the prosecution to reopen its case-in-chief after the defense has made a motion under section 1118.1 "'so long as the court is convinced that the failure to present evidence on the issue was a result of "inadvertence or mistake on the part of the prosecutor and not from an attempt to gain a tactical advantage over [the defendant].'"'" (*People v. Riley* (2010) 185 Cal.App.4th 754, 764–765 (*Riley*); cf. *People v. Goss* (1992) 7 Cal.App.4th 702, 706, 708 ["broad discretion" to reopen in a nonjury trial, even after section 1118 motion].)

During a discussion on jury instructions, Moutsoulas objected to proposed language in the instruction on count 1 concerning the definition of a custodial officer. The instruction explained that a custodial officer is someone who, among other things, "helps operate a local detention facility." (CALCRIM No. 946.) Moutsoulas took issue with the optional bracketed instruction that "[a] city jail is a local detention facility." (*Ibid.*) She moved to dismiss count 1 for lack of evidence that Huntington Beach City Jail was a

7

"local detention facility" under section 6031.4, subdivision (b), which defined a qualifying facility as one used for confinement of adults for more than 24 hours or constructed on or after January 1, 1978. In response, the People asked the trial court to take judicial notice of the jail as a 96-hour facility or, alternatively, to reopen the case to allow the People to cure this "minor" defect. When the court indicated it would reopen the case to allow testimony "on this technical point rather than take judicial notice," Moutsoulas stipulated to the jail being a "local detention facility," without waiving her objection on that issue. On these facts, we cannot say the court's decision to reopen the People's case was an abuse of discretion. (*Rodriguez*, *supra*, 152 Cal.App.3d at p. 295; *Riley*, *supra*, 185 Cal.App.4th at pp. 764–765.)

Fifth, there was sufficient evidence to sustain the conviction on count 1, battery on a custodial officer. The jury was instructed "[a] custodial officer is someone who works for a law enforcement agency of a city or county, is responsible for maintaining custody of prisoners, and helps operate a local detention facility" and that "[a] city jail is a local detention facility." (CALCRIM No. 946, italics omitted.) Officer Butler testified he was a detention supervisor with the Huntington Beach police, and the jury saw a photo of him on the day of the incident wearing a shirt that said "Detention supervisor." Officer Butler further testified Moutsoulas ran into him as he was exiting the sobering cell and bit him. (*People v. Cox* (2000) 23 Cal.4th 665, 674 ["slightest touching may constitute a battery"].) From this, Moutsoulas reasonably should have known Officer Butler was performing his duties as a custodial officer when she ran into and bit him.

Sixth, Moutsoulas raised section 647, subdivision (g), as a defense to count 2, public intoxication. Section 647, subdivision (g), provides that if a person has violated subdivision (f) (public intoxication), "a peace officer, if

8

reasonably able to do so, shall place the person, or cause the person to be placed, in civil protective custody . . . . [at] a facility, designated pursuant to [s]ection 5170 of the Welfare and Institutions Code, for the 72-hour treatment and evaluation of inebriates. . . . A person who has been placed in civil protective custody shall not thereafter be subject to criminal prosecution or juvenile court proceeding based on the facts giving rise to this placement." (§ 647, subd. (g).)

Subdivision (g) of section 647 is a defense to, not an element of, the offense of public intoxication under subdivision (f). (*In re Jorge D.* (2016) 246 Cal.App.4th 363, 368 (*Jorge D.*); *People v. Ambellas* (1978) 85 Cal.App.3d Supp. 24, 34 (*Ambellas*) [same].) The defense, however, does not apply to "[a] person who a peace officer has probable cause to believe has committed a felony, or who has committed a misdemeanor in addition to subdivision (f)." (§ 647, subd. (g)(2).)

Moutsoulas argued that, under subdivision (g) of section 647, Officer Casas could take her to a 72-hour treatment facility, not jail. She further argued the exception under subdivision (g)(2) did not apply because the officer hadn't seen her commit any other misdemeanor (such as the assault on the bar patron) and no private person signed an arrest form.

The trial court disagreed with Moutsoulas and found that the exception under section 647, subdivision (g)(2), is triggered if, in addition to public intoxication, Moutsoulas committed another act constituting a misdemeanor. The court allowed the defense to argue the subdivision (g) defense, subject to the exception in subdivision (g)(2), and left it for the jury to decide whether another misdemeanor had been committed. We agree with the court's interpretation. By its plain terms, subdivision (g) states it "does

9

not apply" to a person "who has committed any misdemeanor in addition to subdivision (f)." (§ 647, subd. (g)(2).)

Seventh, the trial court did not err in placing the burden on Moutsoulas to prove the section 647, subdivision (g), defense. The jury was instructed Moutsoulas had the burden to prove this defense "by a preponderance of the evidence." It was further instructed the defense was not available if the jury determined she committed a misdemeanor in addition to public intoxication and that the People had the burden to prove that issue by a preponderance of the evidence.

At trial, defense counsel acknowledged that "an officer's lack of awareness with [section 647, subdivision (g)]" and "[h]is inability to follow through with the statute" are defenses to the public intoxication charge. As we stated previously, subdivision (g) is not an element of the offense of subdivision (f) and is instead a defense to it. (*Jorge D.*, *supra*, 246 Cal.App.4th at p. 368; *Ambellas*, *supra*, 85 Cal.App.3d Supp. at p. 34 [same].) "[I]t is constitutionally permissible to place on the defendant the burden of proving affirmative defenses by a preponderance of the evidence, as long as the defendant is not required to negate an element of the offense." (*People v. Neidinger* (2006) 40 Cal.4th 67, 72.)

Eighth, "[t]he restitution fine under section 1202.4 is mandatory unless the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' (§ 1202.4, subd. (b).)" (*People v. Tillman* (2000) 22 Cal.4th 300, 302.) At sentencing, the trial court conditioned probation on, among other things, the payment of a restitution fine under section 1202.4, subdivision (b)(1). Moutsoulas stated she understood and accepted the terms and conditions of probation. Having failed to object at sentencing to the section 1202.4 fine, she

10

has waived any objection to it on appeal. (*Tillman,* at p. 302; *People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 15.)

In sum, we have independently reviewed the record and found no arguable issue that would result in a disposition more favorable to Moutsoulas.

## DISPOSITION

The judgment is affirmed.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

11